UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

        Plaintiff,                            Case No. 2:24-cv-12760

v.                                           Honorable Susan K. DeClercq
                                                   United States District Judge

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT**

On October 18, 2024, Plaintiff Darryl McGore filed this *pro se* complaint against the Internal Revenue Service.[1] ECF No. 1. Although Plaintiff stated in his proof of service that he attached an application to proceed *in forma pauperis*, *id.* at PageID.9, and a copy of his prisoner trust account statement, *id.* at PageID.11, no application, affidavit of indigency, or prisoner trust statement were submitted. *See generally* ECF Nos. 1; 2; 3. So Plaintiff was directed to correct the deficiency by either paying the filing fee or submitting an application to proceed *in forma pauperis*

---

[1] McGore's handwritten pleadings are not entirely legible, but it appears he is attempting to challenge the Internal Revenue Service's determination of his tax obligations and refund amounts. *See generally* ECF No. 1. Notably, the statutes McGore cites in his Complaint provide for filing a petition in federal Tax Court and not federal district court. *See* 26 U.S.C. § 6213 (detailing process for filing a petition with the United States Tax Court).

on or before December 5, 2024. ECF No. 6. On November 19, 2024, Plaintiff submitted an application to proceed *in forma pauperis*, which included an affidavit of indigency and a copy of his prisoner trust account statement. ECF No. 7.

Under the Prisoner Litigation Reform Act of 1995 (PLRA), a prisoner may not proceed *in forma pauperis* and their case must be dismissed if, on three or more previous occasions, a federal court has dismissed earlier complaints filed by the prisoner for frivolity, maliciousness, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The statute provides a narrow exception to this "three-strikes rule" only when the prisoner is "under imminent danger of serious physical injury." *Id.*

Federal courts have dismissed at least three of Plaintiff's prior complaints for frivolity, maliciousness, or failure to state a claim. *See*, *e.g., McGore v. Michigan Supreme Court Judges*, No. 1:94:CV:517, 1995 U.S. Dist. LEXIS 22242, at *3 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137, 1993, U.S. Dist. LEXIS 21363, at *2 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-CV-112, 1993 U.S. Dist. LEXIS 21388, at *1 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-CV-77, 1993 U.S. Dist. LEXIS 21362, at *1 (W.D. Mich. April 30, 1993). In fact, Plaintiff has been denied leave to proceed in forma pauperis due to those dismissals numerous times. *See McGore v. United States Supreme Court Justices*, No. 2:19-cv-244, 2019 U.S. Dist. LEXIS 214825, at *4 (W.D. Mich. Dec.

- 3 -

13, 2019) (stating that "Plaintiff previously has been denied leave to proceed in forma pauperis on more than 50 occasions for having three strikes"). And Plaintiff has not alleged any facts that would establish that he is in imminent danger of serious physical injury. Indeed, Plaintiff's allegations relate solely to financial injury. *See generally* ECF No. 1. Because this Court concludes an appeal would not be taken in good faith, Plaintiff will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, is **ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 7, is **DENIED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/6/2024