UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

        Plaintiff,                      Case No. 2:24-cv-12760

v.                                         Honorable Susan K. DeClercq
                                                  United States District Judge

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE (ECF No. 9)**

On October 18, 2024, Plaintiff Darryl McGore sued the Internal Revenue Service, attempting to challenge the IRS's determination of his tax obligations and refund amounts. ECF No. 1. On December 6, 2024, this Court *sua spone* dismissed McGore's Complaint under the "three-strikes rule," because federal courts have dismissed at least three of Plaintiff's prior complaints for frivolity, maliciousness, or failure to state a claim. ECF No. 8; *see also* 28 U.S.C. § 1915(g) (authorizing dismissal under such circumstances). On December 23, 2024, McGore filed a "Motion to Vacate" this Court's December 6 final order, which this Court construes as a motion for reconsideration. ECF No. 9. He also filed a notice of appeal in early January 2025. ECF No. 11.

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR

7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, under Civil Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In the Sixth Circuit, Civil Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Judicial mistakes need not be "obvious" and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Under either Civil Rule 59(e) or 60(b), McGore is not entitled to reconsideration. Having considered McGore's arguments, which largely restate legal accusations made in his Complaint, *compare* ECF No. 9 *with* ECF No. 1, this Court finds that there is not a clear error of law in the December 6, 2024, order, nor is there any newly discovered evidence or an intervening change in the controlling law. *See Moore*, 402 F. App'x at 108 (6th Cir. 2010). Additionally, none of McGore's arguments demonstrate an excusable mistake by McGore or a substantive mistake of law or fact by this Court. *See* FED. R. CIV. P. 60(b). Finally, McGore has not demonstrated that reconsideration is necessary to prevent manifest injustice. *See* FED. R. CIV. P. 59(e).

In sum, McGore has not shown that he is entitled to reconsideration, so his Motion to Vacate, ECF No. 9, will be denied, and this Court's December 6, 2024, opinion and order will not be vacated.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Vacate, ECF No. 9, is **DENIED**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated:  April 9, 2025